IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL MAKENSON, :
:
    Plaintiff :
:
v. : CIVIL NO. 4:CV-13-2204
:
LUZERNE COUNTY : (Judge Brann)
CORRECTIONAL FACILITY ET AL., :
:
    Defendants :

**MEMORANDUM**

August    , 2014

**Background**

    Michael Makenson filed his pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his prior confinement at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania. The docket indicates that Plaintiff is presently residing in Haiti. See Doc. 35. Service of the Complaint was previously ordered.

    By Memorandum and Order dated July 31, 2014, this Court granted a motion to dismiss filed by Defendant Medical Director Gunnar Kosek, D.O. See Docs. 36 & 37. Remaining Defendants are the Luzerne County Prison, and two

1

prison officials:  Acting Warden Major Larson; and Registered Nurse  (RN) George Mrochko. [1]  Presently pending is a motion to dismiss filed by Defendant Mrochko.  See Doc. 29.  The unopposed motion is ripe for consideration.

While incarcerated at the Luzerne County Prison on July 8, 2013, Makenson allegedly slipped and fell on a wet floor while en route to use the telephone.  His fall resulted from slippery surface purportedly caused by a leak in a wall near the phone area. Plaintiff states that following his mishap he was transported to a local hospital where x-rays and an MRI test revealed that he had suffered multiple bruises to his lower back, neck, left hip and left shoulder.[2]  See Doc. 1, ¶ IV.  After being prescribed medication for his injuries, the Plaintiff was transferred back to the prison.

When Makenson refused  to authorize a co-payment  for his medication on July 9, 2013, the Complaint contends that the prisoner was given a disciplinary charge and subjected to a racial slur by RN Mrochko.[3]  Makenson indicates that he

---

[1]   Mrochko is identified in the Complaint as Nurse George.

[2]  Exhibits attached to the Complaint additionally show that Plaintiff had screws in his right knee from pre-incarceration surgery.  However, the Complaint raises no claims regarding his post-surgical treatment.

[3]   A copy of a July 9, 2013 misconduct which charged Plaintiff disruption of the orderly running of the prison and using abusive or obscene language to an
(continued...)

refused to pay for his medication which is identified in his accompanying exhibits as being Motrin because payment is not required "when the jail is at fault." Id. at p. 4.  The Complaint seeks injunctive relief and compensatory damages.[4]

**Discussion**

Defendant Mrochko claims entitlement to entry of dismissal on the grounds that: (1) being subjected to a racial slur does not sert forth a viable civil rights claims; and (2) requiring an inmate to make a co-payment for medication is constitutionally acceptable.  As noted earlier, the motion is unopposed.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d

---

[3](...continued)
employee stemming from an incident where Makenson was told that he would have to sign a co-pay for Motrin accompanies the Complaint.  See Doc. 1, p. 9.

[4]  This Courts July 31, 2014 Memorandum and Order dismissed Plaintiff's claim for injunctive relief on the basis of mootness.

3

347, 350 (3d Cir. 2005)).

A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d

224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Racial Slur**

Plaintiff alleges that on July 9, 2013, RN Mrochko called him a "black monkey" when he refused to pay a co-payment for his medication. See Doc. 1, p. 4.

It is well settled that the use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), aff'd, 800

F.2d 1130 (3d Cir. 1986) (Mem.). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife). Moreover, alleged instances of verbal harassment which are not accompanied by any physical contact are constitutionally insufficient. See Hart v. Whalen, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008);  Wright v. O'Hara, 2004 WL 1793018 *7  (E.D. Pa. 2004)(correctional officer's words and gestures, including lunging at prisoner with a clenched fist were constitutionally insufficient because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against Inmate Makenson was accompanied by a reinforcing act involving a deadly weapon as contemplated under Northington and Douglas. More importantly, it is

not alleged that the alleged verbal abuse was accompanied by any physically intrusive behavior. Given the circumstances described by Plaintiff, the purported verbal remarks attributed to RN Mrochko, although offensive, were not of such magnitude to shock the conscience as contemplated by this Court in S.M. v. Lakeland School District, 148 F. Supp.2d 542, 547-48 (M.D. Pa. 2001) and thus, did not rise to the level of a constitutional violation. Dismissal will be granted with respect to the claim that Defendant Mrochko used a racial slur.

**Medical Treatment**

Plaintiff additionally claims that RN Mrochko told him that he would be charged with a co-payment if he wanted a dosage of Motrin.[5] When Makenson refused to do so he was not given the medication and was issued a misconduct charge. The moving Defendant argues that requiring him to make a co-payment for medication was constitutionally acceptable. See Doc. 34, p. 8. Mrochko admits that prison policy requires inmates to make co-payments for medications that are given for non-life threatening conditions.

This Court's July 31, 2014 Memorandum previously noted that Plaintiff does not allege that he suffered anything more than temporary discomfort after

---

[5] There is no contention made by the Plaintiff that he was required or asked to make any payment for any of his hospital related expenses

refusing the Motrin, thus, undermining any determination that the inmate had an essential need for the medication.  Second, Makenson does not contend that he lacked funds to make the co-payment.   The Complaint asserts only that a co-payment should not have been imposed because negligence by the prison created his need for the Motrin.  Finally, there is also no claim that the amount of the requested co-payment was excessive.

Requiring inmates to pay monetary fees for medical expenses is not per se unconstitutional.  See Reynolds v. Wagner, 128 F. 3d 166 (3d Cir. 1997); McCabe v. Pennsylvania Department of Corrections, 523 Fed. Appx. 858, 860-61  (3d Cir. 2013) (although prisoners cannot be denied essential or needed medical care, a modest fee may be charged for non-emergency medication); Quinnones v. Fischi, 2012 WL 1072278 (M.D. Pa. March 29, 2012)(Nealon J.).  Based upon those considerations, the allegation that there was a single instance where Nurse Mrochko requested that Plaintiff make a co-payment for a dosage of Motrin does not rise to the level of a viable constitutional violation.

Moreover, this is not a case where a prisoner is alleging that a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994).  On the contrary, Makenson acknowledges that following his fall he was taken to an outside hospital where x-

rays and MRI testing was performed and he was released back to the prison with a finding that he had only suffered bruising.

Since the Complaint does not set forth facts which would should that Makenson had a essential need for Motrin, the amount of the co-payment was excessive, or that he lacked sufficient funds for the requested co-payment, under the criteria set forth in Reynolds and McCabe the claim of being asked to pay a co-payment for Motrin on a single instance cannot proceed under § 1983.

**Disciplinary Charge**

Plaintiff also contends that he was issued a misconduct charge by Nurse Mrochko. Attached to the Complaint is a copy of a misconduct dated July 9, 2013 which indicates that Plaintiff was charged with disruption or interference with the orderly running of the institution and using abusive or obscene language to staff. See Doc. 1, p. 9. Plaintiff does indicate the disposition of the charge nor does he allege that it was retaliatory. Rather, he indicates only that the charge was issued following the verbal exchange with Mrochko over the imposition of a co-payment.

An alleged false misconduct charge does not by itself qualify as a violation of the Eighth Amendment. See Booth v. Pensce, 354 F. Supp.2d 553, 558-59 (E.D.

Pa. 2005).[6]  Rather, due process is satisfied when an inmate is afforded to be heard and to defend against an allegedly falsified or baseless misconduct charge.  See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002).

Accordingly, Plaintiff's vague claim that he was issued a disciplinary charge by Nurse Mrochko cannot proceed.  The unopposed motion to dismiss will be granted.  An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6]  Since Makenson enjoyed no constitutional right to free medication, this is not a case where the charge was issued in retaliation for the exercise of a constitutional right); Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.) (same); Wilson v. Maben, 676 F. Supp. 581, 584 (M.D. Pa. 1987) (Nealon, J.) ("When an inmate charged with misconduct has been afforded . . . procedural due process . . ., an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights . . . .").